JAVIS v BOARD OF EDUCATION OF THE SCHOOL DISTRICT OF YPSILANTI

1. EVIDENCE—PARTIES—PRIOR INCONSISTENT STATEMENTS—SUBSTANTIVE EVIDENCE.

A prior statement by a person which is inconsistent with the position maintained by him in an action to which he is a party may not only be used to impeach the credibility of his testimony, but also can be considered as substantive evidence by way of the admission exception to the hearsay rule.

2. TRIAL—INSTRUCTIONS TO JURY—STANDARD JURY INSTRUCTIONS—HARMLESS ERROR—COURT RULES.

Failure to give an applicable standard jury instruction in a civil case does not result in reversible error where the error is determined to be harmless (GCR 1963, 516.6[2], 529.1).

3. TRIAL—INSTRUCTIONS TO JURY—STANDARD JURY INSTRUCTIONS—HARMLESS ERROR.

Refusal to give plaintiffs' requested standard jury instruction was harmless error where the instructions which were given accurately stated the law, plaintiffs' counsel had expressed his satisfaction when the court indicated plaintiffs' requested instructions would be given but not in the exact words of the standard jury instruction, and plaintiffs' attorney stated he had no objection to the instructions as given.

Appeal from Washtenaw, William F. Ager, Jr., J. Submitted Division 1 June 5, 1973, at Lansing. (Docket No. 14338.) Decided July 24, 1973. Leave to appeal granted, 391 Mich —.

Complaint by Chester L. Javis and Gail Javis against the Board of Education of the Ypsilanti School District and Marvin L. Baltzell for damages resulting from a school bus accident. Verdict and

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses §§ 675, 767 et seq.
[2, 3] 5 Am Jur 2d, Appeal and Error § 811.

judgment for defendants. Plaintiffs appeal. Affirmed.

*Sugar, Schwartz, Silver, Schwartz & Tyler* (by *Edward R. Stein),* for plaintiffs.

*Burke, Ryan, Rennell, Foster & Hood,* for defendants.

Before: HOLBROOK, P. J., and DANHOF and ADAMS,* JJ.

DANHOF, J. This action for damages arose out of a collision on March 13, 1969, of a motorcycle with a school bus at the intersection of Hogback Road and Clark Road in Washtenaw County. The motorcycle was driven by plaintiff Chester Javis. Plaintiff Gail Javis, his wife, was seated behind him. The school bus was driven by defendant Marvin Baltzell, and was owned and operated by defendant school board. At the conclusion of trial, the jury rendered a verdict of no cause of action against both plaintiffs. Plaintiffs' motion for a new trial was denied.

The single issue raised by plaintiffs on appeal is that the trial court erred in refusing plaintiffs' request to give SJI 3.01(A). A detailed recitation of the facts surrounding the accident is not necessary. It will suffice to indicate that there were certain discrepancies between the testimony in defendant Baltzell's pretrial deposition and his testimony at trial, and that statements made in the deposition were favorable to plaintiffs. Plaintiffs claim that the trial court erred in refusing to give the standard jury instruction requested, and that this error requires reversal because the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

court's instruction as given did not apprise the jury that statements in Baltzell's deposition could be considered as substantive evidence as well as for impeachment.

Standard Jury Instruction 3.01(A) provides as follows:

"In deciding whether you should believe a party who has testified, you may consider that at some earlier time he (said) (did) something that does not agree with what he testified to here on an important point. Because he is a party, what he (said) (did) earlier may be considered not only in deciding whether you should believe him, but also may be considered as evidence of the facts in this case."

The instruction reflects the rule of evidence that a prior statement by a person which is inconsistent with the position maintained by him in an action to which he is a party may not only be used to impeach the credibility of his testimony, but also can be considered as substantive evidence by way of the admission exception to the hearsay rule.

GCR 1963, 516.6(2) provides that Michigan Standard Jury Instructions shall be given in each civil case if they are applicable and accurately state the applicable law. However, not every failure to give an applicable standard jury instruction results in reversible error. In 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), at 1972 supplement on page 140, the authors comment on the rule in issue in the following way:

"Notwithstanding the apparent strictness of the rule requiring use of Standard Jury Instructions when applicable and compliance with the committee's negative recommendations, not every deviation from these requirements will result in reversible error or grounds for a new trial. The existing requirements for requesting instructions, sub-rule 516.1, and for making objections

as the basis for assigning error, sub-rule 516.2, have not been modified. Neither is there anything in the new rule which repeals the present harmless error rule. Sub-rule 529.1."

Regarding the use of the parties' depositions in prior inconsistent statements for impeachment purposes, the following instruction was given by the court:

"You may take into account in determining what weight you'll place on the testimony of the witnesses, what they said in Court and also any statements they may have made previously, either in depositions or other times."

Had the court stopped here, the instructions clearly would have been reversibly deficient, but the court went on to instruct that parties' out-of-court statements could also be used as substantive evidence against them:

"In this case also, we had certain evidence presented by the reading of depositions. I believe I told you just before the depositions were read that the depositions are a record of the sworn testimony of the persons who were deposed. This was taken before an authorized person and all parties and their attorneys had a right to be present and to examine and cross examine the witnesses. So, this evidence is entitled to the same consideration as you give the testimony as if the witness testified in open Court from the witness stand."

Although the standard jury instruction is more concise and clear than the instruction given by the court, the instructions as given do accurately state the law. The record reflects that plaintiffs' attorney at the conference on proposed instructions requested SJI 3.01(A) and objected to the court's ruling that it would not be given. However, when plaintiffs' counsel renewed his request later in the

conference, the court indicated that plaintiffs' requested instruction would be given, but not in the exact words of SJI 3.01(A). Thereupon, plaintiffs' counsel expressed his satisfaction. Finally, after the instructions had been read to the jury, and the court had requested objections or additional instructions, plaintiffs' only request was that the jury be more fully instructed on plaintiff Gail Javis's damage claim for loss of consortium. This was done and thereupon the trial court made further inquiry as to whether plaintiffs had any objections to the instructions given or further requests for additional instructions. Plaintiffs' attorney stated that he had none.

Thus, we are convinced that any error in the trial court's refusal of the requested standard jury instruction was harmless.

Affirmed, costs to the defendants.

All concurred.